■ KAREN JONES et al., Individually and on Behalf of Themselves and Other Shareholders of Jones Chemicals, Inc., Similarly Situated, Respondents, v MARJORIE JONES, as Executrix of ROBERT B. JONES, SR., Deceased, et al., Appellants, et al., Defendant. [637 NYS2d 83] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 7, 1995, which, *inter alia*, denied defendants-appellants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting such motions to the extent of dismissing plaintiffs' claims based on defendants' failure to pay dividends in 1992, and otherwise affirmed, with costs to plaintiffs.

Plaintiffs-shareholders satisfied the demand requirements of Business Corporation Law § 626 (c) by forwarding a draft copy of the complaint with a demand letter to defendants-directors

two and a half months prior to instituting this action (see, *Ripley v International Rys.*, 8 AD2d 310, 317, *affd* 8 NY2d 430). Upon our review of the entire record, we find that defendants are entitled to summary judgment dismissing plaintiffs' claims based on defendants' failure to pay dividends in 1992. The uncontradicted evidence reveals that defendants were prohibited from declaring dividends since there was a stockholder equity deficit (Business Corporation Law § 510 [b]).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.